**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>James R. Sheppard</u>

　　v.                                Civil No. 15-cv-275-LM
                                    Opinion No. 2016 DNH 079
<u>Kenneth Houchens, Director</u>
<u>of Industry Operations for</u>
<u>the Bureau of Alcohol, Tobacco,</u>
<u>Firearms, and Explosives</u>

<u>**O R D E R**</u>

    James Sheppard brings this action against Kenneth Houchens,
the Director of Industry Operations for the Bureau of Alcohol,
Tobacco, Firearms, and Explosives ("ATF"), seeking judicial
review of the denial of his application for a firearms license.
Houchens moves to dismiss the amended complaint (doc. no. 7)
("first amended complaint"), on the ground that Sheppard failed
to exhaust his administrative remedies.  In response, Sheppard
filed both an objection to the motion to dismiss and a motion for
leave to file a second amended complaint (doc. no. 19) ("motion
to amend").  Houchens objects to the motion to amend, arguing
that Sheppard's failure to exhaust his administrative remedies
renders futile his attempt to amend his complaint.  For the
reasons that follow, Sheppard's motion to amend is denied, and
Houchens' motion to dismiss is granted.

**Background**

This case concerns James Sheppard's application to ATF for a federal firearms license ("License").  The procedures which must be followed by ATF in such circumstances, and the ways in which an applicant may seek judicial intervention, are of particular importance in this case.  Therefore, the court first outlines the regulatory framework governing such applications, and then provides the specific facts pertaining to Sheppard's application and request for judicial review.

A.   Regulatory Framework

Under 18 U.S.C. § 923(a), a person is prohibited from "dealing in firearms . . . until he has filed an application with and received a license to do so" from ATF.  ATF must process License applications in accordance with 18 U.S.C. § 923, and its implementing regulations, 27 C.F.R. Part 478.  Section 923(d)(2) requires ATF to approve or deny an application for a License "within the 60-day period beginning on the date" the application "is received."  See also 27 C.F.R. § 478.47(c).  If ATF "fails to act within such period, the applicant may file an action under section 1361 of title 28 to compel" ATF to act upon the application.  18 U.S.C. § 923(d)(2); see also 27 C.F.R. § 478.47(d).  In the event ATF denies the application, it must provide written notice of its decision, "stating specifically the

2

grounds upon which the application was denied . . . ."
18 U.S.C. § 923(f)(1); see also 27 C.F.R. § 478.71 (decision must
"set forth the matters of fact and law relied upon in determining
that the application should be denied").

If ATF denies an application for a License, it must, "upon
request by the aggrieved party, promptly hold a hearing to review
his denial . . . ."  18 U.S.C. § 923(f)(2); see also 27 C.F.R. §
478.72 (hearing must be scheduled "as expeditiously as
possible").

> If after a hearing held under paragraph (2) the
> Attorney General decides not to reverse his decision to
> deny an application or revoke a license, the Attorney
> General shall give notice of his decision to the
> aggrieved party.  The aggrieved party may at any time
> within sixty days after the date notice was given under
> this paragraph file a petition with the United States
> district court for the district in which he resides or
> has his principal place of business for a de novo
> judicial review of such denial or revocation.

§ 923(f)(3).  The regulations describe the process of obtaining
judicial review as follows: "If [an applicant] is dissatisfied
with a posthearing decision . . . denying the application . . .
he may, pursuant to 18 U.S.C. § 923(f)(3), within 60 days after
receipt of the final notice denying the application . . ., file a
petition for judicial review of such action . . . ."  27 C.F.R. §
478.78.

Thus, federal law provides two avenues for a License
applicant to seek judicial intervention.  First, an applicant may

3

file a petition for a writ of mandamus, pursuant to 28 U.S.C. §
1361, to compel action on an application when ATF fails to act
within the 60-day period.  See 18 U.S.C. § 923(d)(2); 27 C.F.R. §
478.47(d).  Second, after requesting and receiving an
administrative hearing on his denial, an applicant may petition
the court to conduct a de novo review of ATF's denial of his
License application.  18 U.S.C. § 923(f)(3); 27 C.F.R. § 478.78.

B.   Factual Background[1]

On December 5, 2013, James Sheppard applied to ATF for a
License.  Sheppard submitted the application on behalf of 209
Storage, a business which he owns as sole proprietor.  209
Storage is located at 60 Pine Street, Unit M, Methuen,
Massachusetts.

After not receiving a decision from ATF within 60 days,
Sheppard filed a "petition for judicial review" in this court on
July 14, 2015 (doc. no. 1).  Sheppard's petition requests that
the court order ATF to issue him a License.  After being notified
of the lawsuit, ATF issued a written denial of Sheppard's
application on August 3, 2015.  Sheppard amended his complaint to
reflect the denial, and again requested that the court order ATF

---

[1] Unless otherwise noted, the facts set forth in this
section are taken from the allegations in the first amended
complaint (doc. no. 7), which is the operative complaint.

to issue him a License.  See doc. no. 7.  Sheppard has not yet had an administrative hearing.[2]

Houchens moves to dismiss the first amended complaint.  In support, Houchens argues that the court lacks subject matter jurisdiction because Sheppard failed to exhaust his administrative remedies.  Houchens acknowledges that a License applicant who has not received a response to his application within 60 days may bring an action to compel ATF to respond.

Houchens notes that, although the 60-day deadline had passed, ATF acted on Sheppard's application on August 3, 2015. Houchens contends that before petitioning a court for judicial review of ATF's decision, an applicant who has received a written denial of his License application must, under 18 U.S.C. § 923(f)(3), request and receive a hearing from ATF.  Houchens argues that because Sheppard has not yet had his hearing, he cannot petition the court for judicial review of ATF's denial of his application.  Sheppard objects to the motion to dismiss, stating simply that, under 27 C.F.R. § 478.47(d), he may bring

---

[2] Although Houchens asserts that Sheppard requested and then withdrew his request for an administrative hearing, Sheppard does not allege in any of his pleadings that he requested a hearing. Sheppard's pleadings do demonstrate, however, that he has not yet had an administrative hearing.  See doc. no. 1 at ¶ 1; doc. no. 7 at ¶ 3.

an action to compel ATF to act upon his application after 60 days.

Sheppard subsequently filed the motion to amend.  In his proposed second amended complaint, Sheppard alleges that an ATF employee told him to surrender his then-valid License in order to expedite the process of applying for his new License, to be operated out of the Methuen location.[3]  He alleges that the ATF employee promised him that his License application would be approved and that, absent that promise, he would not have surrendered his valid License.  As with his previous complaints, Sheppard requests that the court order ATF to issue him a License.

Houchens objects to the motion to amend, arguing that Sheppard's proposed amended complaint is futile.  As in his motion to dismiss, Houchens argues that the court lacks subject matter jurisdiction because Sheppard has failed to exhaust his administrative remedies.

## Discussion

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend the complaint] when justice so

---

[3] The second amended complaint does not explain why Sheppard needed a different License.  It suggests, but does not specifically allege, that Sheppard needed a new License because his business was changing locations.  See doc. no. 19-1 at ¶ 4.

requires."  The liberal standard under Rule 15(a)(2) does not
mean that all requests to amend will be granted. Manning v.
Boston Med. Ctr. Corp., 725 F.3d 34, 60-61 (1st Cir. 2013).
Instead, "a district court may deny leave to amend when the
request is characterized by undue delay, bad faith, futility, or
the absence of due diligence on the movant's part." Nikitine v.
Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013) (internal
quotation marks and citation omitted).  Where an amended
complaint could not withstand a motion to dismiss, then the
motion to amend should be denied as futile. Platten v. HG
Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006).

Houchens asserts that failure to exhaust the administrative
remedies provided by 18 U.S.C. § 923(f) implicates the court's
subject matter jurisdiction.  The only other court to address the
issue of exhaustion under § 923(f) assumed that exhaustion was a
jurisdictional requirement.  See Mountaineer Gun Sales, LLC v.
Bureau of Alcohol, Tobacco, Firearms & Explosives, No. 1:11CV200,
2012 WL 194079, at *2-3 (N.D. W. Va. Jan. 23, 2012).
Neither Houchens nor the court in Mountaineer, however, provided
an analysis to show that exhaustion in this context is
jurisdictional.

"Exhaustion of administrative remedies is a jurisdictional
requirement only when Congress clearly ranks it as such."

Nulankeyutmonen Nkihtaqmikon v. Impson, 503 F.3d 18, 33 (1st Cir. 2007).  In the absence of clear Congressional intent, the court should treat an exhaustion requirement as non-jurisdictional. Id.

Here, there is neither clear Congressional intent nor any persuasive argument that the exhaustion requirements of § 923(f) are jurisdictional.  As such, the court shall evaluate the motion to dismiss, which Houchens brought pursuant to Federal Rule of Civil Procedure 12(b)(1), under Rule 12(b)(6).  See Martínez-Rivera v. Commonwealth of P.R., 812 F.3d 69, 73 (1st Cir. 2016); see also Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 46 n.6 (1st Cir. 2005).

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Analyzing plausibility is "a context-specific task" in

which the court relies on its "judicial experience and common sense."  Id. at 679.

I.   Motion to Amend

Sheppard's second amended complaint requests that the court "[f]ind that [ATF] is bound by promissory estoppel[], estoppel generally and equitable estoppel in this matter and order [ATF] to issue 209 a license forthwith."  Doc. no. 19-1 at 6.  As discussed above, although a hearing under § 923(f)(3) may not be a jurisdictional prerequisite, it is a mandatory requirement before an applicant may seek judicial review of ATF's denial of his License application.  The second amended complaint does not allege that Sheppard received a hearing; nor does Sheppard plead an excuse for failing to exhaust his administrative remedies under § 923(f).  See Impson, 503 F.3d at 33 (exhaustion may be excused based on "exceptional circumstances" and is subject to "waiver, estoppel, and equitable tolling" principles).[4] Accordingly, Sheppard's second amended complaint does not state a claim on which relief may be granted.  Therefore, Sheppard's motion to amend is denied on futility grounds.

---

[4] Although Sheppard asserts an "estoppel" argument in support of his contention that he is entitled to his License, he does not assert estoppel as an excuse for his failure to exhaust his administrative remedies.

II.  <u>Motion to Dismiss</u>

For the reasons discussed above, Sheppard was required to receive a hearing from ATF prior to petitioning the court for judicial review of ATF's denial of his License application. Because Sheppard failed to do so, Houchens' motion to dismiss the first amended complaint is granted.  The dismissal, however, is without prejudice to any future action Sheppard might bring after he complies with the procedures set forth in § 923(f)(3).

**Conclusion**

For the foregoing reasons, Sheppard's motion for leave to file an amended complaint (doc. no. 19) is denied.  Houchens' motion to dismiss (doc. no 9) is granted without prejudice to Sheppard refiling his petition for judicial review after complying with the procedures set forth in § 923(f)(3).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 11, 2016

cc:   Penny Sue Dean, Esq.
      Terry L. Ollila, Esq.

10